**CLASSIC FASHIONS, INC., Plaintiff,**

v.

**NAVIERAS N.P.R., INC., Florida East Coast Railway, Inc. and Jessal Transport Corp., Defendants.**

**No. 96–3501–CIV.**

United States District Court,
S.D. Florida.

March 5, 1999.

---

Rex Guthrie, Miami, FL, for plaintiff.

Hyman Hillenbrand, Miami, Fla., Mark I. Kunkin, New York City, Lawrence Roberts, Miami, FL, Alan Gold, South Miami, FL, for defendants.

## OMNIBUS ORDER

HIGHSMITH, District Judge.

THIS CAUSE came before the Court upon the following motions:

(1) Plaintiff Classic Fashions, Inc.'s ("Classic Fashions") motion for summary judgment (D.E.# 30);

(2) Defendant Navieras, N.P.R., Inc.'s ("Navieras") cross-motion for partial summary judgment limiting its liability (D.E.# 43);

(3) Defendant Florida East Coast Railway, Inc.'s ("Florida East Coast") motion for partial summary judgment to limit liability and notice of joinder in Navieras' cross-motion (D.E.# 47);

(4) Defendant Jessal Transport Corp.'s ("Jessal") motion for partial summary judgment to limit liability and notice of joinder in Navieras' cross-motion (D.E.# 64);

(5) Plaintiff Classic Fashions' motion to strike Navieras' reply memorandum in support of its motion for partial summary judgment, and request for sanctions (D.E. # 63, Parts 1 and 2);

(6) Defendant Florida East Coast's motion to strike affidavits filed in support of plaintiff's motion for summary judgment (D.E.# 76);

(7) Plaintiff Classic Fashions' motion to strike affidavits of Dan Winkles and Fernando Guardola (D.E.# 49);

(8) Plaintiff Classic Fashions' motion to strike affidavit of David P. Wills (D.E.# 45);

(9) Defendant Florida East Coast's motion for leave to supplement affidavit of David P. Wills (D.E.# 51);

(10) Defendant Florida East Coast's motion to strike plaintiff's amendment to its witness list (D.E.# 71);

(11) Defendant Florida East Coast's motion to dismiss Navieras' cross-claim (D.E.# 10); and

(12) Defendant Florida East Coast's motion to dismiss Jessal's cross-claim (D.E.# 12).

## PROCEDURAL BACKGROUND

Plaintiff Classic Fashions brings this action as a result of the loss of cargo, consisting of 410 cartons containing tee shirts, allegedly valued at $103,320. Classic Fashions alleges that it delivered a sealed container, packed with 1244 cartons of tee shirts to Navieras for ocean transport from Puerto Rico to Miami, Florida. The container traveled to Jacksonville, Florida aboard the M/V Guayama, where it arrived on April 23, 1996. Thereafter, it was moved by Florida East Coast via rail to Miami. Trucker Jessal picked up the container at the railroad track and delivered it to Classic Fashions' agent in Miami. Although the entire trip occurred without incident, Classic Fashions claims that, when the container was opened, only 834 cartons of tee shirts were found.

In its complaint, Classic Fashions asserts the following claims:

Count I: Liability under the Carriage of Goods by Sea Act ("COGSA"), against Navieras;

Count II: Strict liability under the Carmack Amendment against Navieras;

Count III: Strict liability under common law against Navieras;

Count IV: Strict liability under the Carmack Amendment against Florida East Coast;

Count V: Strict liability under common law against Florida East Coast;

Count VI: Strict liability under the Carmack Amendment against Jessal; and

Count VII: Strict liability under common law against Florida Jessal.

Counts III, V and VII are pled in the alternative to Counts II, IV and VI, respectively, should the Carmack Amendment be held not applicable to this action.

Navieras has asserted a cross-claim seeking indemnity and/or contribution from its co-defendants Florida East Coast and Jessal. Similarly, Jessal has asserted a cross-claim seeking indemnity and/or contribution from its co-defendants Navieras and Florida East Coast.

Classic Fashions has moved for summary judgment against all three defendants. Each of the defendants, in turn, has moved for partial summary judgment, seeking to limit their total liability to $500, pursuant to the ocean bill of lading's per-package limitation. Finally, Florida East Coast has moved to dismiss both Navieras' and Jessal's cross-claims against it.[1] A number of miscellaneous motions are also pending, as listed above.[2]

## DISCUSSION

 The Court first addresses Classic Fashions' motion for summary judgment against all three defendants. Classic Fashions first posits that this case falls within the ambit of the Carmack Amendment.[3] Classic Fashions then argues that it is entitled to judgment as a matter of law under the Carmack Amendment because: (1) it has established a prima facie case; and (2) none of the defendants have pleaded or presented evidence in support of any of the allowable defenses. A plaintiff establishes a prima facie case under the Carmack Amendment by proving: delivery of the goods to the carrier in good condition; (2) that the goods were damaged or lost; and (3) the amount of dam-

---

1. Florida East Coast's motion to dismiss Jessal's cross-claim has been rendered moot by the parties' stipulation to its dismissal. *See* Stipulation and Order for Dismissal Without Prejudice, filed on March 27, 1998.

2. Although the Court addresses these miscellaneous motions at the end of this omnibus

order, the Court's consideration of the record in connection with the cross-motions for summary judgment conforms with its rulings on the motions to strike.

3. The Court assumes that this assertion is correct only for purposes of ruling on Classic Fashions' motion.

ages. *Missouri Pacific R.R. Co. v. Elmore & Stahl,* 377 U.S. 134, 138, 84 S.Ct. 1142, 12 L.Ed.2d 194 (1964). "Thereupon, the burden of proof is upon the carrier to show both that it was free from negligence and that the damage to the cargo was due to one of the excepted causes relieving the carrier of liability." *Id.* The five defenses that a carrier may invoke are: the act of God; the public enemy; the act of the shipper himself; public authority; and the inherent vice or nature of the goods. *Id.* at 137, 84 S.Ct. 1142.

It is undisputed that the container in question was sealed at the time it was delivered to the ocean carrier, Navieras; and that the seal was inspected and found unbroken at every stage of transportation until it reached its final destination at plaintiff's agent's warehouse in Miami, Florida. However, Classic Fashions has not established that the container, at the time of its delivery to Navieras, was packed with the full count of 1244 cartons of tee-shirts, as claimed. Classic Fashions has not produced any documentary evidence regarding the loading of the container. All it has produced is the affidavit of its employee, Margarita Planas, averring that: on the date the container was loaded she was present at Classic Fashions' facility in Puerto Rico; Classic Fashions loaded 1244 cartons of tee shirts into the container; and, when the loading was completed, she "saw that the container was completely full front to back and top to bottom." The Court finds Ms. Planas' statements too ambiguous to support the entry of a judgment of liability as a matter of law against the defendants. Therefore, the Court denies Classic Fashions' motion for summary judgment.[4]

■ The Court next addresses the defendants' motions for partial summary judgment, wherein they seek to limit their total liability, if any, to $500. In support of its motion, Navieras invokes the bill of lading's valuation clause, which limits liability to $500 per package. Co-defendants Florida East Coast and Jessal contend that Navieras issued a "through" bill of lading. They further argue that, by operation of the bill of lading's "Himalaya" clause, they may also rely on the valuation clause to limit their liability. Having reviewed the pertinent portions of the record and case authorities cited by the parties, the Court agrees with the defendants' analysis. The Court further concludes that the per package limitation applies to the container as a whole, not to the individual cartons as argued by Classic Fashions. Therefore, the Court grants the defendants' motions for partial summary judgment. The liability of Navieras, Florida East Coast and Jessal in this case, if any, is limited to a total of $500.

## CONCLUSION

Based on the foregoing considerations, it is

ORDERED AND ADJUDGED as follows:

(1) Plaintiff Classic Fashions, Inc.'s motion for summary judgment (D.E.# 30) is DENIED.

(2) Defendant Navieras, N.P.R., Inc.'s cross-motion for partial summary judgment limiting its liability (D.E.# 43) is GRANTED.

(3) Defendant Florida East Coast Railway, Inc.'s motion for partial summary judgment to limit liability (D.E.# 47) is GRANTED.

(4) Defendant Jessal Transport Corp.'s motion for partial summary judgment to limit liability (D.E.# 64) is GRANTED.

(5) Plaintiff Classic Fashions' motion to strike Navieras' reply memorandum in

---

4. Classic Fashions also relies on the cargo information shown on the bill of lading as proof that Navieras received all 1244 cartons in good condition. The cargo description, however, appears in the section of the bill of lading entitled "particulars furnished by ship-per". Moreover, the bill of lading includes the notation "shippers load stow and count". Therefore, the particulars shown in the bill of lading do not constitute proof of delivery of the 1244 cartons in good condition to Navieras.

support of its motion for partial summary judgment, and request for sanctions (D.E. # 63, Parts 1 and 2) are DENIED.

(6) Defendant Florida East Coast's motion to strike affidavits filed in support of plaintiff's motion for summary judgment (D.E.# 76) is GRANTED IN PART and DENIED IN PART. The motion is GRANTED with regard to the affidavit of Tomas Segui Freyre. The motion in DENIED as to the affidavits of Margarita Planas, David Gonzalez and Harold Greenspan.

(7) Plaintiff Classic Fashions' motion to strike affidavits of Dan Winkles and Fernando Guardola (D.E.# 49) is DENIED.

(8) Defendant Florida East Coast's motion for leave to supplement affidavit of David P. Wills (D.E.# 51) is GRANTED.

(9) Plaintiff Classic Fashions' motion to strike affidavit of David P. Wills (D.E.# 45) is DENIED as moot.

(10) Defendant Florida East Coast's motion to strike plaintiff's amendment to its witness list (D.E.# 71) is DENIED, due to the passage of time.

(11) Defendant Florida East Coast's motion to dismiss Navieras' cross-claim (D.E.# 10) is DENIED.

(12) Defendant Florida East Coast's motion to dismiss Jessal's cross-claim (D.E.# 12) is DENIED as moot.

DONE AND ORDERED.

