**CLASSIC FASHIONS, INC., Plaintiff,**

v.

**NAVIERAS N.P.R., INC., Florida East Coast Railway, Inc. and Jessal Transport Corp., Defendants.**

No. 97–364CIV.

United States District Court, S.D. Florida.

May 10, 1999.

Order Denying Rehearing, June 14, 1999.

Rex Guthrie, Miami, FL, for Plaintiffs.

Hyman Hillenbrand, Miami, FL, Mark I. Kunkin, New York, N.Y., Lawrence Roberts, Miami, FL, Alan Gold, South Miami, FL, for Defendants.

## ORDER ON PENDING MOTIONS FOR SUMMARY JUDGMENT

HIGHSMITH, District Judge.

THIS CAUSE came before the Court upon the following motions:

(1) Defendant Navieras, N.P.R., Inc.'s ("Navieras") motion for summary judgment (D.E.# 47);

(2) Plaintiff Classic Fashions, Inc.'s ("Classic Fashions") cross-motion for summary judgment (D.E.# 48);

(3) Defendant Florida East Coast Railway, Inc.'s ("Florida East Coast") motion for partial summary judgment to limit liability and notice of joinder in Navieras' motion for summary judgment (D.E.# 58); and

(4) Defendant Jessal Transport Corp.'s ("Jessal") motion for partial summary judgment to limit liability and notice of joinder in Navieras' and Florida East Coast's motions (D.E.# 61).

### PROCEDURAL BACKGROUND

Plaintiff Classic Fashions brings this action as a result of the loss of cargo, consisting of 410 cartons containing tee shirts, allegedly valued at $122,508. Classic Fashions claims that it delivered a sealed container, packed with 697 cartons of tee shirts to Navieras for ocean transport from Puerto Rico to Miami, Florida. The container traveled to Jacksonville, Florida aboard the M/V Guayama, where it arrived on August 12, 1996. Thereafter, it was moved by Florida East Coast via rail to Miami. Trucker Jessal picked up the container at the railroad track and delivered it to Classic Fashions' agent in Miami. Although the entire trip occurred without incident, Classic Fashions claims that, when the container was opened, only 287 cartons of tee shirts were found.

In its complaint, Classic Fashions asserts the following claims:

Count I:  Liability under the Carriage of Goods by Sea Act ("COGSA"), against Navieras;

Count II:  Strict liability under the Carmack Amendment against Navieras;

Count III:  Strict liability under common law against Navieras;

Count IV:  Strict liability under the Carmack Amendment against Florida East Coast;

Count V:  Strict liability under common law against Florida East Coast;

Count VI:  Strict liability under the Carmack Amendment against Jessal; and

Count VII:  Strict liability under common law against Florida Jessal.

Counts III, V and VII are pled in the alternative to Counts II, IV and VI, respectively, should the Carmack Amendment be held not applicable to this action.

Navieras has moved for summary judgment on the grounds that Classic Fashions cannot make a *prima facie* case for cargo loss under the undisputed facts in the case. Should the Court deny this motion, Navieras moves for partial summary judgment, limiting its liability to $500 pursuant to the ocean bill of lading's per-package limitation. Defendants Florida East Coast and Jessal have joined in Navieras' motion, arguing for the same $500 limitation of liability. Together with its response to Navieras' motion for summary judgment, Classic Fashions has filed a cross-motion for summary judgment against Navieras, seeking the full amount of its alleged loss.[1]

---

1. Although the complaint avers that the total value of the missing cargo is $122,508, the cross-motion for summary judgment seeks an award of $116,308. Classic Fashions does not explain this $6,200 discrepancy. It appears that in the complaint, Classic Fashions computed its loss by multiplying the alleged value of a carton ($298.80) times the number of missing cartons (410). In its cross-motion, Classic Fashions values the lost cargo in terms of 29,520 missing tee shirts (410 cartons, each containing 72 tee shirts), presumably at a value of $3.94 per tee shirt.

## DISCUSSION

The Court first addresses Classic Fashions' motion for summary judgment against Navieras. Classic Fashions argues that it has established a *prima facie* case for recovery by demonstrating that the goods were lost while in Navieras' custody. The parties agree that meeting this burden requires proof that (1) the cargo was delivered to the carrier in good order; and (2) the carrier failed to deliver the cargo to the consignee in good order.

It is undisputed that the container in question was sealed at the time it was delivered to the ocean carrier, Navieras; and that the seal was undisturbed during transit. However, Classic Fashions has not established that the container, at the time of its delivery to Navieras, was packed with the full count of 697 cartons of tee-shirts, as claimed. In support of its motion, Classic Fashions relies on the deposition testimony of its employee, Margarita Planas, and the truck driver who delivered the container to Navieras' facility at the port of San Juan, Puerto Rico, Tomas Segui. In their respective depositions, however, both Planas and Segui concede that they have no specific recollection regarding this particular shipment. Moreover, Planas merely testified that, as part of her duties, she would generally check on the loading of shipments of tee shirts at Classic Fashions' facility on a periodic basis, approximately every hour. Thus, Classic Fashions has not adduced sufficient evidence to satisfy the first prong of the *prima facie* case of its claim for loss of cargo. Therefore, the Court denies Classic Fashions' motion for the entry of summary judgment against Navieras for the full amount of the claimed loss.[2]

The Court next addresses Navieras' motion for summary judgment on the grounds that Classic Fashions cannot make a *prima facie* case for cargo loss under the undisputed facts in the case. Although the Court has determined that Classic Fashions has not adduced sufficient evidence to support its *prima facie* case, the record does not support a finding, as a matter of law, that Classic Fashions cannot do so. Therefore, the Court declines to issue a judgment of non-liability in favor of Navieras at this stage of the proceedings.

Finally, the Court addresses the defendants' motions for partial summary judgment, wherein they seek to limit their total liability, if any, to $500. In support of its motion, Navieras invokes the bill of lading's valuation clause, which limits liability to $500 per package. The clause further defines a package as "a container used to ship either household goods, Freight All Kinds, or any other goods shipped under a lump sum rate." According to the undisputed affidavit of Dan Winkles, Manager of Production Services for Navieras, Classic Fashions paid a negotiated lump sum rate, the lowest rate available, to transport the container where it had packed its tee shirts. Hence, the $500 limitation applies to the container as a whole, not to the individual cartons as argued by Classic Fashions. In this regard, the Court has considered and rejected Classic Fashions' reliance upon the cargo description of 697 packages shown on the bill of lading. This specification appears in the section of the bill of lading entitled "particulars furnished by shipper". Hence, the notation does not override the negotiated terms of the bill of lading, whereby Classic Fashions assumed the risk of loss beyond $500 in exchange for a reduced shipping rate.

Co-defendants Florida East Coast and Jessal contend that Navieras issued a "through" bill of lading. They further argue that, by operation of the bill of lading's "Himalaya" clause, they may also rely on the valuation clause to limit their liability. Having reviewed the pertinent portions of the record and case authorities cited by

2. As previously noted, Classic Fashions has offered two different computations of its loss, without explaining the discrepancy.

the parties, the Court agrees with the defendants' analysis. Therefore, the Court grants all of the defendants' motions for partial summary judgment. The liability of Navieras, Florida East Coast and Jessal in this case, if any, is limited to a total of $500.[3]

## CONCLUSION

Based on the foregoing considerations, it is

ORDERED AND ADJUDGED as follows:

(1) Defendant Navieras, N.P.R., Inc.'s motion for summary judgment (D.E.# 47) is GRANTED IN PART and DENIED IN PART. The motion for summary judgment on the grounds that Classic Fashions cannot make a *prima facie* case for cargo loss under the undisputed facts in the case is DENIED. The motion for partial summary judgment seeking limitation of liability, if any, to $500 is GRANTED.

(2) Plaintiff Classic Fashions, Inc.'s cross-motion for summary judgment (D.E.# 48) is DENIED.

(3) Defendant Florida East Coast Railway, Inc.'s motion for partial summary judgment to limit liability (D.E.# 58) is GRANTED.

(4) Defendant Jessal Transport Corp.'s motion for partial summary judgment to limit liability (D.E.# 61) is GRANTED.

## ORDER

THESE CAUSES came before the Court upon Plaintiff Classic Fashions, Inc.'s motions for rehearing on the issue of limitation of liability and alternative motions to certify appeal. Upon due consideration, it is

ORDERED AND ADJUDGED as follows:

(1) Plaintiff's motions for rehearing on the issue of limitation of liability are DENIED. In determining that the liability of the defendants, if any, is limited to $500.00

in each of the above-styled cases, the Court fully considered all of the pertinent issues. Therefore, there is no reason for the Court to revisit its prior rulings.

(2) Plaintiff's motions to certify the Court's rulings on limitation of liability for interlocutory appeal are DENIED. While noting that the defendants do not oppose this motion, the Court has determined that interlocutory appeals will unduly delay the ultimate resolution of these actions. Therefore, the cases will be set for trial, on the issue of liability only, by separate order. Depending on the results of each liability trial, the Court will issue judgment for the defendants or judgment in the amount of $500.00 for the plaintiff, as appropriate. Proceeding in such a fashion will dispel the plaintiff's concerns regarding the potential for holding two damages trials in each case.

---

**3.** In Case No. 96–3501–CIV–HIGHSMITH, —— F.Supp.2d ——, 1999 WL 970564 involving an earlier shipment of tee shirts by Classic

Fashions under similar circumstances, the Court made the same determination.